UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEELON T. JENKINS,<br><br>        Petitioner,<br><br>  v.<br><br>DERRAL ADAMS,<br><br>        Respondent.<br>_____/ | No. C 05-2003 MHP (pr)<br><br>**ORDER REQUIRING FURTHER AMENDMENT** |

        Keelon T. Jenkins filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. At his request, the action was stayed at the outset so he could exhaust state court remedies. After exhausting state court remedies, he moved to lift the stay and go forward with these proceedings. The court granted his motion to lift the stay and reopen the case, but required him to further amend because two of the claims in his amended petition were deficient. Specifically, Claim 6 in the amended petition did not identify any federal constitutional right that was violated, and Claim 7 improperly incorporated another co-defendant's arguments. Petitioner thereafter filed an "amendment of claims 6 and 7" (docket # 11, # 13), and an "errata to Claim 7" (docket # 12).

        The amendment adequately identifies the federal constitutional basis for his Claim 6, i.e., he alleges that his right to be free from double jeopardy was violated by the retrial on the attempted murder charge. That claim is cognizable.

        The amendment and errata fail to correct the deficiencies with Claim 7, however. In the Order Lifting Stay, Reopening Action, And Requiring Amendment, the court had

explained that joining and incorporating by reference a co-defendant's arguments was unacceptable pleading, and directed petitioner to write out each and every claim he wanted to make on his own behalf – so that the amendment would be a complete statement of all Jenkins' claims.   The amendment does exactly what the court told petitioner <u>not</u> to do – it incorporates by reference the co-defendant's claims.  The errata does little better; although it contains a summary of the various alleged errors, it is written in a way that the reader cannot understand what is being argued.  The errata has many quotations without citations to source and confusingly refers to "co-defendant" and "defendant," leaving the reader to merely guess which references are to Jenkins and which are to McDaniels (his co-defendant).  This prevents the reader from understanding most of the arguments and from determining whether a claim for relief is stated.  The errata also makes numerous references to actions of counsel without specifying whether that "counsel" was the attorney for Jenkins or for McDaniels.  This is a very important point, because Jenkins can only allege ineffective assistance of counsel based on the acts or omissions of Jenkins' attorney.  Jenkins had no constitutional right to effective assistance of counsel by McDaniels' attorney.

      The court will allow Jenkins to have one last try at correcting the deficiencies in Claim 7.  If Jenkins wants to assert claimed violations of his rights, he needs to fully write out each and every such claim.  The amendment must be a complete statement of all Jenkins' claims and may not join or incorporate by reference documents existing in other court files, or in any of McDaniels' filings.  For each alleged constitutional violation, Jenkins must identify the federal constitutional right(s) allegedly violated and explain briefly the facts that show the claimed violation(s).  Due to the confusion caused by his references to "defendant" and "co-defendant," Jenkins must identify each person by name (i.e., Jenkins or McDaniels) throughout his amendment.  He also must identify whether it is McDaniels' attorney or Jenkins' attorney at each place he refers to "counsel" in his amendment.  Jenkins is urged to be thorough in his amendment and to comply fully with these directions, because any claims not adequately pled will be dismissed.  The amendment must be filed no later than **March 6, 2009**.

1  Finally, petitioner states in several filings that he believes that this action was
2  determined to be related case to the action filed by Robert McDaniels.  He is incorrect,
3  although his confusion is understandable due to the form that used for related case
4  determinations.   To clarify: Judge Hamilton determined that the cases are <u>not</u> related.
5  IT IS SO ORDERED.
6  DATED:   January 26, 2009

        Marilyn Hall Patel
        United States District Judge