United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEELON JENKINS,

        Plaintiff,

  v.

MICHAEL S. EVANS,

        Defendant.

_____/

No. C 05-02003 MHP

**MEMORANDUM & ORDER**

**Re: Order to Show Cause**

      Keelon Jenkins ("petitioner"), currently incarcerated at Folsom State Prison, filed a petition for writ of *habeas corpus* with this court pursuant to 28 U.S.C. section 2254.  At petitioner's request, the petition was stayed so that petitioner could completely exhaust his claims in state court.  After doing so, petitioner filed a First Amended Petition and then a Second Amended Petition.  The court now considers petitioner's Second Amended Petition pursuant to 28 U.S.C. section 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

BACKGROUND

      According to the Second Amended Petition, petitioner was convicted of first degree murder and assault with a deadly weapon in the Superior Court for the County of Alameda.  On June 22, 2001, he was sentenced to life in prison without the possibility of parole.  Petitioner appealed his conviction to the California Court of Appeals and the conviction was affirmed.  He then petitioned the California Supreme Court for discretionary review which was denied on March 3, 2004.

**United States District Court**
For the Northern District of California

1    On February 2, 2005, petitioner filed a petition for writ of habeas corpus in the California

2    Appellate Court claiming that he was denied effective assistance of counsel.  The petition was

3    denied.  Petitioner then filed a similar petition in the California Supreme Court.  This petition was

4    also denied.  Petitioner filed his Second Amended Petition in this court on December 14, 2009.

5

6    DISCUSSION

7    This court may entertain a petition for writ of habeas corpus "on behalf of a person in

8    custody pursuant to the judgment of a state court only on the ground that he is in custody in violation

9    of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A district court

10   shall "award the writ or issue an order directing the respondent to show cause why the writ should

11   not be granted, unless it appears from the application that the applicant or person detained is not

12   entitled thereto."  28 U.S.C. § 2243.  "If it plainly appears from the petition and any attached

13   exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

14   petition."  Rule 4, Rules Governing section 2254 Cases.  Summary dismissal is appropriate only

15   where the allegations in the petition are vague or conclusory, palpably incredible, or patently

16   frivolous or false.  *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

17   The Second Amended Petition alleges the following claims: First, petitioner contends that

18   the trial court violated his Fifth, Sixth and Fourteenth Amendment rights to due process and

19   effective assistance of counsel when it refused to hold a hearing on his motion to substitute counsel.

20   Liberally construed, this claim is cognizable in a federal habeas action.

21   Second, petitioner argues that he was denied effective assistance of counsel when his trial

22   attorney openly attacked and undermined his credibility.  Liberally construed, this claim is

23   cognizable in a federal habeas action.

24   Finally, petitioner contends that he was denied a fair jury trial, due process and equal

25   protection of the law when the prosecution was permitted to peremptorily challenge seven of the ten

26   African-Americans being evaluated as prospective jurors.  Liberally construed, this claim is

27   cognizable in a federal habeas action.

28

2

1

2 <u>CONCLUSION</u>

3      All three claims alleged by petitioner in his Second Amended Petition are cognizable in a

4 federal habeas action.  The clerk shall serve by certified mail a copy of this order, the petition and all

5 attachments thereto upon respondent and respondent's attorney.  The clerk shall also serve a copy of

6 this order on petitioner.

7      Respondent must file and serve upon petitioner by January 19, 2010, an answer conforming

8 in all respects to Rule 5 of the Rules governing Section 2254 Cases, showing cause why a writ of

9 habeas corpus should not be issued.  Respondent shall file with the answer copies of the juror

10 questionnaires used in selecting the jury for petitioner's second trial, a complete transcript of the

11 jury voire dire at the second trial and a transcript of all hearings held regarding the motions by

12 petitioner to substitute counsel.

13      If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court

14 and serving it on respondent within thirty (30) days of the date petitioner is served with a copy of

15 respondent's answer.

16

17      IT IS SO ORDERED.

18

19

20

21 Dated: 12/17/2009

                                   MARILYN HALL PATEL

22                                    United States District Court Judge

                                   Northern District of California

23

24

25

26

27

28

                                  3

**United States District Court**
For the Northern District of California